UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EUNICE FREEMAN, ) | CASE NO. 1:11 CV 1754 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | <u>MEMORANDUM OF OPINION</u> |
| SHAKER HEIGHTS CITY SCHOOL ) | <u>AND ORDER</u> |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

Plaintiff *pro se* Eunice Freeman filed the above-captioned *in forma pauperis* action against the Shaker Heights City School District (defendant or "Shaker Schools"). She alleges Shaker Schools violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as well as the Ohio Civil Rights Act, O.R.C. § 4112.99, when it discriminated against her based on race and gender and retaliated against her for filing charges of discrimination. She seeks compensatory damages in excess of $250,000.00 as well as punitive damages for pain and suffering.

*Background*

The Complaint alleges the following. Plaintiff is an African American female. She was employed by Shaker Schools from 1991 until the Cafeteria Department was outsourced to AVI Foods in June 2010. Plaintiff held the position of Head Cook from 1997 until June 2010 when her

job was eliminated by defendant and "its agent," AVI. During her employment, plaintiff was also continually asked to do the work of Kitchen Manager. After the outsourcing, plaintiff applied to work for AVI, but the latter declined to employ her by letter of August 12, 2010. AVI then called plaintiff on August 30, 2010, offering her employment only after plaintiff had filed a complaint with Dr. Kreiner, defendant's Business Administrator. Plaintiff, however, was not given her full-time status as other former Shaker Schools employees were. Plaintiff was given a four hour daily shift, which increased by two hours when her supervisor noticed her work ethic. Plaintiff "continually pursued" complaints she had filed with the Equal Employment Opportunity Commission (EEOC), Ohio Civil Rights Commission (OCRC), and the Union. After plaintiff filed a letter with the Union attorney regarding a grievance she had filed, plaintiff's hours were again reduced to four hours daily. After her hours were reduced, plaintiff filed a charge of retaliation against defendant and AVI. At some point while she was in the position of Kitchen Manager/Head Cook, plaintiff was told that she did not possess a high school diploma, although this was not a requirement for the position of Kitchen Manager until 2006. After the institution of this requirement, Ms. Robinson was placed in the position of Kitchen Manager in 2008, but was later demoted. In 2009, Ms. Vanderpool was promoted to Kitchen Manager, but resigned in 2010. Defendant could have "grandfathered" plaintiff into the position of Kitchen Manager, not requiring her to have a high school diploma, but did not.

The Complaint sets forth three claims.

Count One alleges race discrimination and asserts that defendant's reason for outsourcing the Cafeteria Department was actually a pretext for discrimination, and the defendant has continually allowed plaintiff to be passed over for promotions and harassed with fabricated disciplinary actions.

Count Two alleges gender discrimination and asserts that "defendant's articulated reason for

failing to promote her to Kitchen Manager because she did not possess a High School Diploma ignored her longstanding contributions to the defendant by performing above and beyond her job description as Head Cook for more than 13 years." Plaintiff also alleges that she was "passed over numerous times to the position of custodian because of her gender," and that Caucasian and African American male employees have been "grandfathered in" and have been given the opportunity to obtain needed training and education. Plaintiff asserts that her gender and "rate of pay" were factors in defendant's and AVI's decision to initially not hire her after AVI took over the Cafeteria Department.

Count Three alleges retaliation. Plaintiff asserts that defendant retaliated against her by not promoting her to the position of Kitchen Manager and by not allowing her and other women to apply for positions guaranteed them under the Union contract. She also alleges that defendant retaliated against her for filing an EEOC charge "by placing her in a job elimination situation with its agent AVI Foods." Finally plaintiff alleges that defendant retaliated against her for writing a letter to the Union lawyer by twice reducing her hours.

This matter is before the Court upon *sua sponte* review of plaintiff's Complaint.

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it (continued...)

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

*Discussion*

*Count One*

Title VII prohibits employment discrimination on the basis of race, but plaintiff sets forth only conclusory claims of race discrimination by asserting that she was "passed over for promotions" and continually harassed with fabricated discipline. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Iqbal*, *supra* (quoting *Twombly*).

Furthermore, the Complaint does not contain direct or inferential allegations respecting all the material elements of a racial discrimination claim. At a minimum, plaintiff fails to allege that comparable, non-protected persons were treated better than she. Plaintiff fails to identify the race of the two females she identifies as receiving the promotions to Kitchen Manager in 2008 and 2009. In fact, plaintiff generally alleges that "all...Caucasian, African American, male or female failed at the Kitchen Manager position... over the years." Therefore, it appears from plaintiff's Complaint

---

[1](...continued)
is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

that members of the protected class were promoted to the position of Kitchen Manager.

Moreover, while plaintiff states in general terms that she was "passed over for promotions," Title VII states that a discrimination charge must be filed within 300 days after the alleged unlawful employment practice occurred. See 42 U.S.C. § 2000e-5(e)(1). The numerous job postings which plaintiff appends to her Complaint are dated between November 2003 and May 2009. Plaintiff alleges that her EEOC charge was filed after her hours were reduced. (Compl. ¶ 21) This would have occurred sometime after AVI hired her on August 30, 2010. Thus, most of the postings would be barred by the 300 day requirement. Plaintiff does submit two postings, dated May 12, 2010, for which she bid on May 18, 2010. Even assuming the decision on these positions was made within 300 days of filing the EEOC charge, the Complaint contains no allegation that a non-protected employee was chosen over plaintiff. Plaintiff fails to state a claim for race discrimination.

*Count Two*

As for her gender discrimination claim, plaintiff cites the failure to be promoted to position of Kitchen Manager. But, the two promotions she specifically identifies in the factual portion of her Complaint were filled by females. She also alleges that she was "passed over numerous times to the position of custodian." Plaintiff does not address the custodial position in the factual portion of her Complaint, but alleges in Count Two that she and other females bid on three custodial positions but that the Union allowed defendant to remove these job openings and place three male Caucasians in the positions "as substitutes." She alleges that defendant's reason for not filling the positions was a pretext for "continuing a history of discrimination against" women. Nonetheless, assuming these three positions are not barred by the statute of limitations, as discussed above, the fact that defendant did not fill the positions renders plaintiff's claim meritless. *See Peck v. Elyria Foundry Co.,* 347

Fed.Appx. 139 (6th Cir. 2009) ("A prima facie case of sex discrimination, based on [defendant's] failure to hire [plaintiff] requires her to demonstrate that men who applied to [defendant] were hired instead of her, even though she was as qualified for the open positions.")

Plaintiff also alleges that defendant "and its agent" discriminated against plaintiff on the basis of her gender by initially refusing to hire her once AVI took over the Cafeteria Department. Even assuming defendant was responsible for this decision (although plaintiff submits a letter from AVI Foods Systems, Inc. declining to hire her), plaintiff makes no allegation that a male was hired instead.

Finally, plaintiff asserts in general terms that she was denied the opportunity to obtain "needed training" and "educational requirements" as were afforded her male counterparts, and that defendant "has allowed for years for males... to fill a higher position with pay, and given up to a year to obtain training, and certification."  As with her race discrimination claim, plaintiff's "naked assertions devoid of further factual enhancement" will not suffice to state a claim.  On these bases, plaintiff fails to state a claim for gender discrimination

*Count Three*

Although tenuous, plaintiff's retaliation claim survives *sua sponte* dismissal given that she alleges in general that she filed complaints with the EEOC, OCRC, and the Union and that she was thereafter retaliated against.  Plaintiff alleges that she filed a charge of retaliation after her hours were reduced.  Presumably, this is the EEOC charge upon which plaintiff is proceeding herein. Plaintiff submits one Notice of Right to Sue issued by the EEOC.  Because the actual charge is not submitted, the Court is unable to determine its content.  Plaintiff may proceed solely on the retaliation allegations contained in that charge, to the extent they are not barred by the statute of

limitations.

*Conclusion*

Based on the foregoing, plaintiff's Motion to Proceed *In Forma Pauperis* is granted. Counts One and Two of the Complaint are dismissed. Plaintiff may proceed as to Count Three. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon Shaker Schools.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 11/30/11