UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Eunice Freeman,** | ) | **CASE NO. 1:11 CV 1754** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Shaker Heights City School District,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Dismiss or in the Alternative a Motion for Summary Judgment (Doc. 6). For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Eunice Freeman, proceeding *pro se*, filed this Complaint against defendant Shaker Heights City School District under Title VII and Ohio's anti-discrimination statute. She originally set forth three claims for race discrimination, gender discrimination, and retaliation. By prior Memorandum of Opinion and Order, this Court *sua sponte* dismissed

1

Counts One and Two (race and gender discrimination) and permitted plaintiff to proceed as to Count Three (retaliation).

This Court previously set forth the facts alleged in the Complaint which are restated here. Plaintiff is an African American female. She was employed by Shaker Schools from 1991 until the Cafeteria Department was outsourced to AVI Foods in June 2010. Plaintiff held the position of Head Cook from 1997 until June 2010 when her job was eliminated by defendant and "its agent," AVI. During her employment, plaintiff was also continually asked to do the work of Kitchen Manager. After the outsourcing, plaintiff applied to work for AVI, but the latter declined to employ her by letter of August 12, 2010. AVI then called plaintiff on August 30, 2010, offering her employment only after plaintiff had filed a complaint with Dr. Kreiner, defendant's Business Administrator. Plaintiff, however, was not given her full-time status as other former Shaker Schools employees were. Plaintiff was given a four hour daily shift, which increased by two hours when her supervisor noticed her work ethic. Plaintiff "continually pursued" complaints she had filed with the Equal Employment Opportunity Commission (EEOC), Ohio Civil Rights Commission (OCRC), and the Union. After plaintiff filed a letter with the Union attorney regarding a grievance she had filed, plaintiff's hours were again reduced to four hours daily. After her hours were reduced, plaintiff filed a charge of retaliation against defendant and AVI. At some point while she was in the position of Kitchen Manager/Head Cook, plaintiff was told that she did not possess a high school diploma, although this was not a requirement for the position of Kitchen Manager until 2006. After the institution of this requirement, Ms. Robinson was placed in the position of Kitchen Manager in 2008, but was later demoted. In 2009, Ms. Vanderpool was promoted

to Kitchen Manager, but resigned in 2010. Defendant could have "grandfathered" plaintiff into the position of Kitchen Manager, not requiring her to have a high school diploma, but did not.

This matter is now before the Court upon defendant's Motion to Dismiss or in the Alternative a Motion for Summary Judgment.

**Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). That is, the complaint must contain sufficient factual material to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**Discussion**

The Court previously found plaintiff's retaliation claim to survive *sua sponte* dismissal given that it could not be determined at that point whether plaintiff had filed a charge of discrimination as to this claim. Defendant moves to dismiss on the basis that

plaintiff failed to exhaust her administrative remedies as to this claim for failure to file a charge of discrimination.

"Before a plaintiff may sue under Title VII in federal court, she must first exhaust her administrative remedies, one component of which is timely filing a 'charge' with the EEOC." *Williams v. CSX Transp. Co., Inc.,* 643 F.3d 502 (6th Cir. 2011) (citing 42 U.S.C. § 2000e–5(e), (f); *Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 362 (6th Cir.2010)).

In response to the motion, plaintiff submits an Ohio Civil Rights Commission Charge of Discrimination of Employment asserting retaliation for filing a previous charge of discrimination. Plaintiff asserts that she was retaliated against in the form of reduced hours and failure to receive a promotion. (Doc. 7 Ex. H) The charge, however, identifies the respondent as AVI Food Systems, Inc. (*Id.*) The named parties are further identified in the subsequent Letter of Determination issued by the Ohio Civil Rights Commission. (Doc. 7 Ex. J) The respondent is clearly identified as AVI Food Systems, Inc. (*Id.*) Defendant was not named in the Ohio Civil Rights Commission Charge.

Plaintiff has not demonstrated that she filed a charge of discrimination with the Equal Employment Opportunity Commission or the Ohio Civil Rights Commission against defendant for retaliation. Accordingly, dismissal of her retaliation claim is warranted.[1]

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss or in the Alternative a

---

[1] The Court notes that subsequent to the filing of defendant's reply brief herein which points out that plaintiff's OCRC charge is against AVI Food Systems, Inc. and not defendant, plaintiff filed a new Complaint naming AVI Food Systems, Inc. as defendant. The Complaint alleges retaliation and relies on the OCRC charge discussed herein.

4

Motion for Summary Judgment is granted.

IT IS SO ORDERED.

                                       /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 2/13/12